NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3016
_____

JEREMY JOSEPH DAVIS,

<u>Appellant</u>

v.

CHRISTIE BEERS; STEPHEN E. EGBERT,
Special Agent of Federal Bureau of Investigation;
WILLIAM J. EDGE, JR., Special Agent of Federal
Bureau of Investigation; MARK ALLAN CORRICE,
Special Agent of Federal Bureau of Investigation;
PATRICK COCORAN, Detective, U.S. Marshall Service;
TODD FREY, of Allentown, PA Police Department
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-07-cv-02135)
Honorable Faith S. Hochberg, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
March 25, 2011

BEFORE:  FUENTES, SMITH, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Filed: April 5, 2011)
_____

OPINION OF THE COURT
_____

GREENBERG, <u>Circuit</u> <u>Judge</u>.

This matter comes on before this Court on Jeremy Joseph Davis' appeal from an order for summary judgment entered on June 7, 2010, pursuant to the District Court's opinion of that day to the extent that the Court granted summary judgment to FBI special agent William J. Edge. Davis v. Egbert, Civ. No. 07-2135, 2010 U.S. Dist. LEXIS 56036 (D.N.J. June 7, 2010). Davis brought the action against Edge and certain other FBI agents, as well as two local officers from Pennsylvania, principally asserting that because of their use of excessive force in arresting him he was injured rendering them liable for his injuries under the Fourth Amendment under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971), with respect to the federal defendants, or through the application of 42 U.S.C. § 1983 with respect to the other defendants. Davis also asserted that defendants were deliberately indifferent to his medical needs and that one defendant (not Edge) addressed him making racial remarks. Consequently, Davis asserted section 1983 claims under the Fifth, Eighth, and Fourteenth Amendments as well as the Fourth Amendment.

The District Court set forth the facts of the case in its comprehensive opinion and we see no need to repeat them at length. We do note, however, that although the details of the arrest are in some dispute, there is no dispute as to either the basic circumstances leading to the arrest and what happened at its outset. The Commonwealth of Pennsylvania charged Davis with two felonies relating to the distribution of heroin and cocaine. Notwithstanding the obvious seriousness of these charges and Davis' significant criminal history, the Pennsylvania authorities released him from custody pursuant to a cooperation agreement with the district attorney's office. Davis, however, violated that

2

agreement by failing to appear for a court appearance and, instead, fleeing from Pennsylvania. Subsequently, the police in Pennsylvania learned that Davis was living in Irvington, New Jersey, and accordingly, they enlisted the aid of the office of the United States Marshal in New Jersey to assist in his apprehension.

At that point it was obvious that Davis's arrest could be a difficult undertaking for he was a fugitive from prosecution for serious charges who already had fled from the jurisdiction in which the charges had been filed. Thus, quite understandably, a large number of federal, New Jersey, and Pennsylvania officers went to his apartment to effectuate his arrest. When the officers arrived at the apartment and announced their presence Davis refused to admit them, conduct that he attributes to his lack of knowledge that the persons seeking entry were police. In any event, regardless of his motivation, it is clear that he barricaded the back door of the apartment so that it was necessary for the police to force their way in.

Eventually, after the agents were able to enter the apartment, they subdued and arrested Davis. There is no doubt that Davis suffered an injury in the encounter, though the District Court described the injury as minor. Though Davis cannot testify that Edge struck him causing the injury, he contends that other evidence points to Edge as his assailant. Moreover, he argues that when he was arrested the police used unnecessary force because he was not fleeing. Thus, he brought this action making these allegations.

After substantial discovery, defendants moved for and obtained summary judgment. In its opinion the District Court cited several cases, the most significant of which for purposes of the issues in this case was Graham v. Connor, 490 U.S. 386, 109

3

S.Ct. 1865 (1989). Graham made clear that a court must evaluate an excessive force case under a Fourth Amendment standard of reasonableness. Id. at 395-96, 109 S.Ct. at 1871-72. The District Court pointed out that in making that objective analysis it was required to view "the reasonableness of an officer's use of force from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight, and must bear in mind that police officers are often forced to make split second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation." Davis, 2010 U.S. Dist. LEXIS 56036, at *20 (internal quotation marks omitted), citing Graham, 490 U.S. at 396-97, 109 S.Ct. at 1871-72.

The District Court explained that there was a dispute of fact as to whether Davis was injured when Edge allegedly struck him or when he fell to the floor during the arrest. The Court concluded, however, that a jury did not have to resolve the factual dispute because in "the fast-paced and potentially dangerous circumstances that confronted [the officers], reasonable law enforcement officers would not have clearly understood that non-lethal force to apprehend a fleeing felon would be a constitutional violation." Davis, 2010 U.S. Dist. LEXIS 56036, at *21. Therefore, Edge was entitled to summary judgment on the basis of qualified immunity. See Pearson v. Callahan, 129 S.Ct. 808, 818 (2009); Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004).

Davis has appealed the summary judgment "solely challenging the dismissal of . . . Edge on qualified immunity grounds." Appellant's br. at 4. He asserts that the District Court erred because it "made credibility determinations on a summary judgment motion

4

in favor of the moving party," id., and erred by determining on a motion for summary judgment that "Edge's use of non-lethal force was reasonable in light of . . . Davis' barricade attempt and apparent attempt to flee from the apartment." Id. at 10.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343 and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review on this appeal and therefore can affirm only if Edge can show "that there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We will affirm. Even if we accept Davis' version of the facts there is no question that, viewing the situation objectively from the circumstances confronting Edge at the time of the arrest, he did not use excessive force. Edge was participating in the arrest of a fugitive with a criminal record who had fled from a prosecution for serious drug charges. Moreover, Davis had barricaded himself in the apartment and was resisting the officers' entry confronting them with a difficult situation. By any objective analysis there is no way that a court could deny Edge qualified immunity in this case. Whatever the extent of Davis injury he brought it on himself.

For the foregoing reasons as well as the reasons the District Court set forth in its opinion, the order for summary judgment dated June 7, 2010, will be affirmed.